# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00593-CR

---

**Kevin James McLean, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-22-3208-E, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Kevin James McLean pleaded guilty to six counts of the offense of possession of child pornography and was sentenced to ten years' imprisonment for each count, with the sentences to run consecutively. McLean has filed a notice of appeal from his judgments of conviction. However, the trial court's certification of McLean's right of appeal is unclear as to whether he has a right to appeal those judgments. In the certification, the trial court appears to have initially checked the box next to the statement that this "is a plea-bargain case, and the defendant has NO right of appeal," but it also appears to have subsequently scratched out that check mark. The trial court did not check any other box on the certification.

Accordingly, we abate this appeal and remand the cause to the trial court for entry of an amended certification clarifying McLean's right of appeal, if any. *See* Tex. R. App. P. 25.2(f) (providing for amended certification to be filed in appellate court); 34.5(c) (providing for

supplementation of appellate record with certification); 37.1 (providing that if certification in criminal case is defective, appellate court "must notify the parties of the defect so that it can be remedied, if possible"); 44.4(a) (providing that appellate court "must not" dismiss appeal if "trial court's erroneous action . . . prevents the proper presentation of a case to the court of appeals; and the trial court can correct its action"), (b) (providing that "[i]f the circumstances described in [Rule 44.4](a) exist, the court of appeals must direct the trial court to correct the error" and "will then proceed as if the erroneous action . . . had not occurred"). A supplemental clerk's record containing the amended certification shall be forwarded to this Court within fifteen days of the date reflected in this order.

It is so ordered on August 21, 2025.


Before Justices Triana, Kelly, and Theofanis

Abated and Remanded

Filed:   August 21, 2025

Do Not Publish

2